MATTER OF SOBERS

In Visa Petition Proceedings

A-11629257

*Decided by Board May 18, 1966*

The relationship of stepmother-stepchild, within the ambit of *Nation* v. *Esperdy*, 239 F. Supp. 531, does not exist between the petitioner and beneficiary, the alleged child of petitioner's husband, since a family relationship between them did not exist prior to beneficiary's arrival in the United States on April 4, 1964, when she was over 18 years of age; she had met petitioner only once previously when the latter visited Barbados; and at the time of the marriage creating such relationship beneficiary was in an orphanage and remained therein for several years thereafter.

On November 4, 1965, this Board directed that the proceedings herein be remanded to the District Director in order that the petitioner and her husband be accorded the opportunity of submitting evidence establishing the existence of a family unit in Barbados and in the United States between the petitioner, her husband and beneficiary. The purpose of receiving this evidence was to attempt to ascertain if this case would be brought within the decision in *Nation* v. *Esperdy*, 239 F. Supp. 531.

The District Director thereafter took sworn statements in the presence of counsel for the petitioner, from the petitioner, her husband, and from the beneficiary. At the conclusion of such testimony, the District Director found that no family relationship involving the petitioner and beneficiary existed prior to April 4, 1964, when the beneficiary arrived in the United States, ostensibly as a visitor and for temporary residence only. He found that the continuous step-mother step-child relationship as contemplated by the *Nation* decision (*supra*) had not been established and, accordingly, determined that the beneficiary is not a child as defined by section 101(b)(1) of the Act. The District Director's decision is now before us by certification.

Oral argument was heard before this Board on April 18, 1966. Counsel for the petitioner appeared as did the Appellate Trial

Attorney for the Immigration Service. The thrust of petitioner's argument seems to be that although a family relationship between the petitioner-beneficiary did not commence until April 4, 1964, nevertheless, the rule in *Nation* embraces this relationship despite its short existence. Counsel for petitioner claims that there is nothing in *Nation* that requires that the family unit be formed prior to the time the beneficiary entered into the United States. He points out that immediately upon the beneficiary's arrival in the United States, she went to the home of the petitioner and, thereafter, when she applied for adjustment of status to that of a student, she indicated that the petitioner and her father would support her. Counsel for respondent is cognizant that this contention might well constitute an extension of *Nation*, but he feels that inasmuch as there is no restriction on duration of the relationship in *Nation*, that the beneficiary should be found to be the step-child of the petitioner.

The Appellate Trial Attorney for the Service pointed out that the beneficiary here was raised by her natural mother until 1954 (she was then nine years of age), and thereafter, was raised in an orphanage. The putative father of the beneficiary, the husband of the petitioner, came to the United States in 1956, and thereafter married the petitioner. Subsequently, the petitioner visited Barbados for approximately three weeks during which time she met the beneficiary, who was permitted to leave the orphanage in order to have dinner with the petitioner. When the beneficiary arrived in the United States she was over the age of 18 and had met the petitioner only once on the occasion above mentioned.

We note that the marriage between the petitioner and the putative father of the beneficiary took place during the time that the beneficiary was a ward of the government. The beneficiary remained in the orphanage for several years after the marriage between the petitioner and her putative father. Our conclusion is that the relationship so set forth in the facts of this case does not justify a finding that it comes within the ambit of the *Nation* decision. We do not believe that the petitioner is the step-mother of the beneficiary for the purposes of section 101(a)(27)(A) of the Act, as amended by Public Law 89-236 and converted to section 201(b). Nor do we believe that the beneficiary is a child as defined by section 101(b)(1) of the Act. Accordingly, the following order will be entered.

ORDER: It is ordered that the order of the District Director be and the same is hereby affirmed.